IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA



ENTAC, INC.,

    Plaintiff,

v.

        CIVIL ACTION NO: 2:05-CV-0054

        (Removed from the Circuit Court of Kanawha
        County, Civil Action No. 04-C-3321)

FREEDOM INDUSTRIES, INC.,
ORDINARY CHEMICAL CO. OF WEST
VIRGINIA, LLC, LARRY A. HYATT,
WILLIAM E. TIS, INDIGO ASTORIA,
LLC, DENNIC P. FARRELL, DPERFECT
LLC, CHARLES E. HERZING AND
BARBARA J. HERZING, USEFUL
SOLUTIONS, INC.,
GUY DANA FLUTY, SOUTH-WAY,
INC., and CARL L. KENNEDY II,

    Defendants.

## ANSWER OF DEFENDANTS SOUTH-WAY, INC. AND CARL L. KENNEDY, II TO COMPLAINT

Now come Defendants South-Way, Inc. and Carl L. Kennedy, II (hereinafter "Kennedy"), by and through their counsel Michael W. Carey and the law firm of Carey, Scott & Douglas, PLLC, and for their answer to the Complaint, state as follows:

### Introduction

1. Defendants South-Way, Inc. and Kennedy deny the allegations in Paragraph 1 of the Complaint and demand strict proof thereof.

## The Parties

2.     Defendants South-Way, Inc. and Kennedy are without knowledge and information sufficient to form a belief as to the truth of the allegations set out in Paragraph 2 of the Complaint, therefore, they deny such allegations and demand strict proof thereof.

3.     Defendants South-Way, Inc. and Kennedy admit the allegations set out in Paragraph 3 of the Complaint.

4.     Upon information and belief, Defendants South-Way, Inc. and Kennedy admit the allegations set out in Paragraph 4 of the Complaint.

5.     Upon information and belief, Defendants South-Way, Inc. and Kennedy admit the allegations set out in Paragraph 5 of the Complaint.

6.     Upon information and belief, Defendants South-Way, Inc. and Kennedy admit the allegations set out in Paragraph 6 of the Complaint.

7.     Upon information and belief, Defendants South-Way, Inc. and Kennedy admit the allegations set out in Paragraph 7 of the Complaint.

8.     Upon information and belief, Defendants South-Way, Inc. and Kennedy admit the allegations set out in Paragraph 8 of the Complaint.

9.     Upon information and belief, Defendants South-Way, Inc. and Kennedy admit the allegations set out in Paragraph 9 of the Complaint.

10.     Upon information and belief, Defendants South-Way, Inc. and Kennedy admit the allegations set out in Paragraph 10 of the Complaint.

11.     Upon information and belief, Defendants South-Way, Inc. and Kennedy admit the allegation set out in Paragraph 11 of the Complaint.

12. Upon information and belief, Defendants South-Way, Inc. and Kennedy admit the allegations set out in Paragraph 12 of the Complaint.

13. Defendants South-Way, Inc. and Kennedy admit the allegations set out in Paragraph 13 of the Complaint.

14. Defendants South-Way, Inc. and Kennedy admit the allegations set out in Paragraph 14 of the Complaint.

## Jurisdiction and Venue

15. As to the allegations contained in Paragraph 15 of the Complaint, Defendants South-Way, Inc. and Kennedy state that these are legal conclusions which require no response.

16. As to the allegations contained in Paragraph 16 of the Complaint, Defendants South-Way, Inc. and Kennedy state that these are legal conclusions which require no response.

## Factual Background

## (The Underlying Royalty Agreement)

17. Upon information and belief, Defendants South-Way, Inc. and Kennedy admit the allegations set out in Paragraph 17 of the Complaint.

18. Defendants South-Way, Inc. and Kennedy admit the allegations set out in Paragraph 18 of the Complaint.

19. Defendants South-Way, Inc. and Kennedy deny the allegations in Paragraph 19 of the Complaint to the extent it is alleged that Kennedy is involved in the "day-to-day management" of Accretion, and demand strict proof thereof.

20. Defendants South-Way, Inc. and Kennedy are without knowledge and information sufficient to form a belief as to the truth of the allegations set out in Paragraph 20 of the Complaint, therefore, they deny such allegations and demand strict proof thereof.

21. Defendants South-Way, Inc. and Kennedy are without knowledge and information sufficient to form a belief as to the truth of the allegations set out in Paragraph 2 of the Complaint, therefore, they deny such allegations and demand strict proof thereof.

22. As to the allegations contained in Paragraph 22 of the Complaint, Defendants South-Way, Inc. and Kennedy state that the Royalty Agreement speaks for itself and no further response is required.

23. As to the allegations contained in Paragraph 23 of the Complaint, Defendants South-Way, Inc. and Kennedy state that the Royalty Agreement speaks for itself and no further response is required.

24. As to the allegations contained in Paragraph 24 of the Complaint, Defendants South-Way, Inc. and Kennedy state that the Royalty Agreement speaks for itself and no further response is required.

25. As to the allegations contained in Paragraph 25 of the Complaint, Defendants South-Way, Inc. and Kennedy state that the Royalty Agreement speaks for itself and no further response is required.

26. Defendants South-Way, Inc. and Kennedy admit Kennedy was aware of the existence of the "Royalty Agreement" and states that said agreement speaks for itself and no further response is required.

27. Defendants South-Way, Inc. and Kennedy deny the allegations in Paragraph 27 of the Complaint and demand strict proof thereof.

### Defendants' Diversion of Accretion's Sales

28. Defendants South-Way, Inc. and Kennedy deny the allegations in Paragraph 28 of the Complaint and demand strict proof thereof.

29. Defendants South-Way, Inc. and Kennedy deny the allegations in Paragraph 29 of the Complaint and demand strict proof thereof.

30. Defendants South-Way, Inc. and Kennedy deny the allegations in Paragraph 30 of the Complaint and demand strict proof thereof.

31. Defendants South-Way, Inc. and Kennedy deny the allegations in Paragraph 31 of the Complaint and demand strict proof thereof.

### (Defendants' "Skimming" Operation)

32. Defendants South-Way, Inc. and Kennedy deny the allegations in Paragraph 32 of the Complaint and demand strict proof thereof.

33. Defendants South-Way, Inc. and Kennedy deny the allegations in Paragraph 33 of the Complaint and demand strict proof thereof.

34. Defendants South-Way, Inc. and Kennedy deny the allegations in Paragraph 34 of the Complaint and demand strict proof thereof.

35. Defendants South-Way, Inc. and Kennedy deny the allegations in Paragraph 35 of the Complaint and demand strict proof thereof.

36. Defendants South-Way, Inc. and Kennedy deny the allegations in Paragraph 36 of the Complaint and demand strict proof thereof.

## COUNT I

## Breach of Covenants

37. Paragraph 37 is an incorporated allegation referencing Paragraph 1 through 35 of the Complaint. Defendants South-Way, Inc. and Kennedy incorporate by reference their responses to each said paragraph and allegation contained therein, as though fully set forth herein.

38. As to the allegations contained in Paragraph 38 of the Complaint, Defendants South-Way, Inc. and Kennedy state that the Royalty Agreement speaks for itself and no further response is required.

39. Defendants South-Way, Inc. and Kennedy deny the allegations in Paragraph 39(a) and (b) of the Complaint and demand strict proof thereof. The allegations of fraud contained in Paragraph 39(c) fail to meet the requirements of Rule 9(b) of the West Virginia Rules of Civil Procedure in that they are not specific and, therefore, require no response.

40. As to the allegations contained in Paragraph 40 of the Complaint, Defendants South-Way, Inc. and Kennedy state that these are legal conclusions which require no response.

41. Defendants South-Way, Inc. and Kennedy deny the allegations in Paragraph 41 of the Complaint and demand strict proof thereof.

42. Defendants South-Way, Inc. and Kennedy deny the allegations in Paragraph 42 of the Complaint and demand strict proof thereof.

43.     Defendants South-Way, Inc. and Kennedy deny the allegations in Paragraph 43 of the Complaint and demand strict proof thereof.

## COUNT II

### Tortious Interference With Existing And Prospective Contractual Relations

44.     Paragraph 44 is an incorporated allegation referencing Paragraph 1 through 43 of the Complaint.  Defendants South-Way, Inc. and Kennedy incorporate by reference their responses to each said paragraph and allegation contained therein, as though fully set forth herein.

45.     Upon information and belief, Defendants South-Way, Inc. and Kennedy admit the allegations set out in Paragraph 45 of the Complaint.

46.     Defendants South-Way, Inc. and Kennedy deny the allegations in Paragraph 46 of the Complaint to the extent they relate to these Defendants and demand strict proof thereof.

47.     Defendants South-Way, Inc. and Kennedy deny the allegations in Paragraph 47(a) and (b) of the Complaint and demand strict proof thereof.  The allegations of fraud contained in Paragraph 47(c) fail to meet the requirements of Rule 9(b) of the West Virginia Rules of Civil Procedure in that they are not specific and, therefore, require no response.

48.     Defendants South-Way, Inc. and Kennedy are without knowledge and information sufficient to form a belief as to the truth of the allegations set out in Paragraph 48 of the Complaint, therefore, they deny such allegations and demand strict proof thereof.

49. Defendants South-Way, Inc. and Kennedy deny the allegations in Paragraph 49 of the Complaint and demand strict proof thereof.

50. Defendants South-Way, Inc. and Kennedy deny the allegations in Paragraph 50 of the Complaint and demand strict proof thereof.

## COUNT III

### Civil Conspiracy

51. Paragraph 51 is an incorporated allegation referencing Paragraph 1 through 50 of the Complaint. Defendants South-Way, Inc. and Kennedy incorporate by reference their responses to each said paragraph and allegation contained therein, as though fully set forth herein.

52. Defendants South-Way, Inc. and Kennedy deny the allegations in Paragraph 52(a) and (b) of the Complaint and demand strict proof thereof. The allegations of fraud contained in Paragraph 52(c) fail to meet the requirements of Rule 9(b) of the West Virginia Rules of Civil Procedure in that they are not specific and, therefore, require no response.

53. Defendants South-Way, Inc. and Kennedy deny the allegations in Paragraph 53 of the Complaint and demand strict proof thereof.

54. Defendants South-Way, Inc. and Kennedy deny the allegations in Paragraph 54 of the Complaint and demand strict proof thereof.

55. Defendants South-Way, Inc. and Kennedy deny the allegations in Paragraph 55 of the Complaint and demand strict proof thereof.

## COUNT IV

### Unfair Competition

56. Paragraph 56 is an incorporated allegation referencing Paragraph 1 through 55 of the Complaint. Defendants South-Way, Inc. and Kennedy incorporate by reference their responses to each said paragraph and allegation contained therein, as though fully set forth herein.

57. Defendants South-Way, Inc. and Kennedy deny the allegations in Paragraph 57 of the Complaint and demand strict proof thereof.

58. Defendants South-Way, Inc. and Kennedy deny the allegations in Paragraph 58 of the Complaint and demand strict proof thereof.

59. Defendants South-Way, Inc. and Kennedy deny the allegations in Paragraph 59 of the Complaint and demand strict proof thereof.

## COUNT V

### Unjust Enrichment

60. Paragraph 60 is an incorporated allegation referencing Paragraph 1 through 59 of the Complaint. Defendants South-Way, Inc. and Kennedy incorporate by reference their responses to each said paragraph and allegation contained therein, as though fully set forth herein.

61. Defendants South-Way, Inc. and Kennedy deny the allegations in Paragraph 61 of the Complaint and demand strict proof thereof.

62. Defendants South-Way, Inc. and Kennedy deny the allegations in Paragraph 62 of the Complaint and demand strict proof thereof.

63. Defendants South-Way, Inc. and Kennedy deny the allegations in Paragraph 63 of the Complaint and demand strict proof thereof.

64. To the extent that any allegations contained in the Complaint are not specifically admitted herein, are hereby denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff's Complaint fails to state a cause of action against these Defendants upon which relief can be granted.

### Second Affirmative Defense

Defendants South-Way, Inc. and Kennedy specifically reserve the right to plead each and every defense set forth in Rules 8 and 12 of the West Virginia Rules of Civil Procedure and further reserve the right to raise such additional defenses as may appear appropriate following further discovery and factual development of this case.

### Third Affirmative Defense

The sole, proximate and legal cause of any damages allegedly sustained by the Plaintiff are a result of the acts, wrongs, or omissions of persons or entities other than these Defendants.

### Fourth Affirmative Defense

Defendants South-Way, Inc. and Kennedy deny that they breached any duty of law or acted in any negligent manner with regard to the Plaintiff.

WHEREFORE, Defendants South-Way, Inc. and Carl L. Kennedy, II respectfully request that the Plaintiff's Complaint against them be dismissed with prejudice; that they

be awarded their costs, attorney fees and expenses necessitated herein; and that they be granted such other relief as this Court deems just and proper.

        Respectfully submitted,

        SOUTH-WAY, INC. and
        CARL L. KENNEDY, II

        By Counsel:

        */s/ Michael W. Carey*
        Michael W. Carey, State Bar No. 635
        CAREY, SCOTT & DOUGLAS, PLLC
        901 Bank One Center
        707 Virginia Street, East
        P.O. Box 913
        Charleston, WV 25323
        (304) 345-1234

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

ENTAC, INC.,

                Plaintiff,

v.

                CIVIL ACTION NO: 2:05-CV-0054

                (Removed from the Circuit Court of Kanawha County, Civil Action No. 04-C-3321)

FREEDOM INDUSTRIES, INC.,
ORDINARY CHEMICAL CO. OF WEST
VIRGINIA, LLC, LARRY A. HYATT,
WILLIAM E. TIS, INDIGO ASTORIA,
LLC, DENNIC P. FARRELL, DPERFECT
LLC, CHARLES E. HERZING AND
BARBARA J. HERZING, USEFUL
SOLUTIONS, INC.,
GUY DANA FLUTY, SOUTH-WAY,
INC., and CARL L. KENNEDY II,

                Defendants.

## CERTIFICATE OF SERVICE

I, Michael W. Carey, counsel for Defendants South-Way, Inc. and Carl L. Kennedy, II, do hereby certify that I have served a true and exact copy of the foregoing "Answer of Defendants South-Way, Inc. and Carl L. Kennedy, II to Complaint" via first class United States mail, postage pre-paid, addressed as follows:

    Joshua I. Barrett, Esquire
    Sean P. McGinley, Esquire
    Richard S. Han, Esquire
    DiTrapano, Barrett & DiPiero, PLLC
    604 Virginia Street, East
    Charleston, WV 25301

Edward D. McDevitt, Esquire
Bowles Rice McDavid Graff & Love, LLP
P.O. Box 1386
Charleston, WV 25325-1386

this 21st day of January, 2005.

_____
Michael W. Carey, State Bar No. 635